FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

MAY 31 2016

MATTHEW J. DYKMAN
CLERK

Herbert G. Head
80498-6-10
P.O. Box #1059
Santa Fe, New Mexico
87504

HERBERT HEAD

V.

THE NEW MEXICO CORRECTIONS DEPARTMENT AND ALL OF ITS EMPLOYEES

CASE NUMBER # 16 CV 509 MCA/GJF

## Writ of Habeas Corpus:

I Now move this Court to Look At And Review All of the Facts of this Matter. As the Court can fully see from the Stated on Going "Policy" of the Department of Corrections. That this on Going Policy Concerning Parole is "Not Law", But is only A Policy of the Department of Corrections. As is so Stated in the "Blacks Law Dictionary of words And or All terms. That Are to Be Used in the Fundamental Review of the on Going Principles of Law. Point in question, the Legal Definition of the word: "Policy" (From the Blacks Law Dictionary) "A Definite Course of Action that is Followed By A Business, or A State Government. That States terms of an Action. "that is "Not Legally" "Binding" By Any Party

But is only being declared as a term that all partys may, or may not agree too.

However, as this court also knows. That any on going policy is "not a legal or a lawful action," that can then be fully used, or substantiated by any enforcment from any other party. As to the denial of a on going court ordered parole, at the very completion of the said court ordered sentance. That no-made up, selfserving policy by the department of corrections can then overide, or overrule any part of a court ordered sentence pertaining to the said parole, that was so ordered by a judge of the said court of law. That would then exclude, or stop the inmate from being so released, at the termination of there confinement in state prison.

As the court fully knows. That any and all of the conductions of that stated parole: "Has to be set by a judge of the said court of law at the time of the said sentence." Parole is not a on going veriable in any way, that the department of corrections can then fluctuate with as to the true meaning of the very words that were used by the court, at the time of the agreed opon sentencing.

HERBERT G. HEAD
80498-610
P.O. Box #1059
SANTA FE, NEW MEXICO
87504

HERBERT G. HEAD )  CASE NUMBER #
V. )
THE NEW MEXICO DEPARTMENT )
OF CORRECTIONS AND ITS EMPLOYES )

DECLARATION OF FACTS:

I DECLARE UNDER THE PENALTY OF PURGERY. THAT ANY AND ALL THINGS THAT MAY BE SO STATED IN THIS ACTION, ARE ALL TRUE AND CORRECT TO THE BEST OF MY ABILITY. THAT THIS IS ALL UNDER THE PENALTY OF PURGERY. FOR ANY AND ALL THINGS THAT ARE NOT TRUE IN THIS MOTION OF: HABEAS CORPUS PERTAINING TO THE LEGALITY OF A MANDATORY APPROVAL OF AN ADDRESS FOR MY BEING RELEASED ON PAROLE

HERBERT G. HEAD
80498-#6-10
P.O. BOX #1059
SANTA FE, N.M. 87504

HERBERT G. HEAD

V.

THE NEW MEXICO CORRECTIONS
DEPARTMENT OF STATE PRISONS
AND ALL OF ITS EMPLOYEES.

CASE NUMBER #

## Points of Authority:
## Writ of Habeas Corpus.

As this court can see from the stated on going "Policy" of the Department of Corrections. That this on going policy is in <u>No Way Law</u> But is only defined as: "<u>A definite course of action that is followed by a business, or a state government. that states terms of an action. that is not legally binding by any party. But is only being declared as a term that all partys may, or may not agree too.</u>" However, A on going policy is not a legal or a lawful action. that can then be fully substantiated by any enforment from any other party, or party's as to the denial of a court ordered sentance. That no made up policy by the Department of Corrections can overide, overule any part of a court

ORDER PERTAINING to PAROLE. THAT WAS SO THEN ORDERED BY A JUDGE of THE SAID COURT THAT WOULD THEN PREVENT THE INMATE FROM BEING RELEASED ON THE TERMINATION OF THERE CONFINEMENT.

AS THE COURT FULLY KNOWS ANY AND ALL of THE CONDUCTIONS OF THE SAID PAROLE UNDER THE LAW HAS to AND CAN ONLY BE SET BY THE JUDGE OF THE COURT OF LAW. AT THE TIME THAT THE SAID DEFENDANT WAS SO SENTENCED. AS THIS COURT ALSO KNOWS. THAT NO OTHER CONDITION CAN THEN BE PLACED AS PART OF THAT SAID SENTENCE. WHEN IT WAS "NEVER A PART OF THE TERMS OF THE "PLEA AGREMENT". AS WAS SO DEFIND IN: COLMAN V. U.S.C. USC 2842, 2009: "THAT ONLY A JUDGE of THE SAID COURT CAN THEN SENTENCE A DEFENDANT to A TERM OF INPRISONMENT AND ANY AND ALL TERMS OF THAT SAID AGRERMENT MUST ALSO BE STATED FOR THE RECORD. SO THAT ANY CONDITIONS OF THAT SO STATED SENTENCE MUST BE THEN FOLLWED BY ANY AND ALL PARTES PETAINING to THE AGREED APON SENTENCE BY ALL PARTES AT THE TIME OF THAT SAID SENTENCE.

AS THIS COURT ALSO KNOWS. THAT ANY AND ALL WORDS OR TERMS THAT ARE USED BY ANY PARTEYS HAS to HAVE THE SAME MEANING IN A COURT OF LAW. ALL OF THE ON GOING WORDS THAT ARE SO USED IN THIS WRIT WERE

ALL TAKEN FROM THE "Blacks Law Dictionary"

It is with this Enlightment that I Now Do Request, that this court order the Department of Corrections, that Inmate Herbert G. Head 80498 be so released on the E.P.R.D. date of: September 12, 2017. That this Release is Not contingent on a Pre Approval of any Address By the Department of Corrections, or by any Policy of theres. But is solely determined By the Days of confinement in State prison with a Half time, work credits Reduction.

That on the termination of the said sentence with Half time credits. That the Department of Corrections will Release Inmate Head on Parole. That this Release is Not in Any way contingent on any on Going Policy of or Any Approval of an Address. That this Release is in Accordance with the court order Sentence. That the Department of Corrections will Adhere to this court order Pertaining to the E.P.R.D. Date of Inmate Head's Current Date of: September 12, 2017. That on that Date Inmate Herbert G. Head 80498 - will Be so Released on Parole And order to report to the Parole Officer the very next Day.

CD-121001

# DESIGNATED STAFF RESPONSE TO INMATE REQUEST FOR LEGAL ASSISTANCE/MEETING
# REPUESTO AL PRESO POR SU PETICIÓN EN JUNTA O ASISTENCIA LEGAL

| Inmate Name (Last, First, M.I.) Nombre Del Preso (Apellido, Primer, Inicial del Segundo Nombre) | NMCD Number Número del Preso | Institution/Unit Institución/Unidad |
|---|---|---|
| Head, Herbert | 80498 | Level 2 Bunk 610 |

Use the space below to respond to the inmate request for assistance and staple to request.
Usar está area para responder a la petición del preso para ayuda. Grabar con la petición.

| |
|---|
| You have asked for "the law that states I have to have an address that is the subject to your approval for my release on parole." While I personally have no power or authority over any aspect of your parole I will attempt to provide you information that I believe you are referring to in your request. |
| Attached for checkout are: §§31-18-1 through 31-18-26 and 31-21-1 through 31-21-27 N.M.S.A.; and, the indexes for chapters 31 and 33 N.M.S.A. If this is not what you were wishing to review please let me know and I will attempt to assist you further. |
| **Return the above referenced material no later than May 24, 2016.** |
| |
| |

| Designated Staff's Name (Last, First, M.I.) Nombre del Personal Designado (Apellido, Primer, Inicial del Segundo Nombre) | Designated Staff Signature Firma del Personal Designado | Date Fecha |
|---|---|---|
| Shannon, Sean O. | *[signature]* | 5/10/16 |

Signature of Inmate to acknowledge receipt.
Firma del Preso a confirmanado de recibo.

| Inmate's Name (Last, First, M.I.) & Number Nombre del Preso (Apellido, Primer, Inicial del Segundo Nombre) y Número | Inmate Signature Firma del Preso | Date Fecha |
|---|---|---|
| Head, Herbert | Mailed via intra prison mail. | 5/10/16 |

Herbert C. Head
80498-6-10
P.O. Box #1059
Santa Fe, New Mexico 87504

Herbert C. Head                               Case Number #
   v.
The New Mexico Department
of Correction and its Employees

## Order of the Court:

It is the Order of this court. That Inmate: Herbert C. Head (80498) be so released on parole on September 12, 2017 with, or without any approval of any address by the Department of Corrections. That his being released on parole is in no way contingent on any approval of any address by the Department of Correction. That this was never a part of the court ordered sentence, or part of the plea agreement by all partys. At the time of the said sentence.

It is so order on this date of: _____

By the Honorable Judge: _____
In Department # _____
On this date of: _____

**RECEIVED**
At Albuquerque NM

MAY 31 2016

MATTHEW J. DYKMAN
CLERK

United States District Court

Office of the Clerk, Suite 270

333 Lomas Blvd. N.W.

Albuquerque, New Mexico 87102

Penitentiary of New Mexico
P.O. Box 1059
Santa Fe, New Mexico 87504-1059

Name: Abdullah Head      No. 80445  Unit G-10

8710232274 C023