# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

HERBERT G. HEAD,

      Petitioner,

v.                                 No. 16-CV-00509-MCA-GJF

NEW MEXICO DEPARTMENT OF
CORRECTIONS,

      Respondent.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court on Petitioner Herbert G. Head's Amended Petition Under 28 U.S.C. § 2254 For Writ of Habeas Corpus By A Person in State Custody [Doc. 5] and Application to Proceed In District Court Without Prepaying Fees or Costs [Doc. 8].  The Court will grant Petitioner's application to proceed *in forma pauperis*, dismiss the Amended Petition, impose a strike pursuant to 28 U.S.C. § 1915(g), deny a certificate of appealability, and enter final judgment.

On May 31, 2016, the *pro se* Petitioner filed a Writ of Habeas Corpus, which appeared to challenge the New Mexico Department of Corrections' policies regarding parole.  [Doc. 1]  The Court determined that Petitioner's filing was deficient because it was not on the proper form or signed by Petitioner and Petitioner had failed to pay the $5.00 filing fee or file an Application to Proceed In District Court Without Prepaying Fees or Costs.  [Doc. 2]  The Court ordered Petitioner to cure these deficiencies within thirty days from the date of the Order.  [Doc. 2]

In response, Petitioner filed an Amended Petition for Writ of Habeas Corpus Under 28

U.S.C. § 2254 on the proper form.   [Doc. 5]   Petitioner's Amended Petition, which does not identify a respondent, does not challenge Petitioner's state conviction or sentence.   Rather, the Amended Petition appears to challenge the Social Security Administration's deprivation of Petitioner's money without due process of law and refers the Court to paperwork filed in other cases in this Court in support of Petitioner's claims.   [Doc. 5]   In his prayer for relief, Petitioner requests the following:   "that I get the money that was paid to me before I came to a state prison. see the paper work I sent to you."   [Doc. 5 at 15]

As a preliminary matter, the Court determines that Petitioner's Amended Petition [Doc. 5], supersedes his initial Writ of Habeas Corpus [Doc. 1], for the purpose of this Court's review under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.   *See Giles v. United States*, 906 F.2d 1386, 1389 (10th Cir. 1990) (noting that a "pleading that has been amended under Rule 15(a) supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified"); *see also* Rule 12 of the Rules Governing Section 2254 Proceedings in the United States District Courts ("The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules.").

This is not the first proceeding Petitioner has filed in this Court relating to the alleged failure of the Social Security Administration to pay him Social Security benefits.   In *Herbert Glenn Head v. Social Security Administration*, No. 16-CV-00531-JCH-LF, Docs. 12, 13 (D.N.M. July 8, 2016), Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 against the Social Security Administration, which was dismissed for lack of jurisdiction.   In *Herbert G. Head v. Social Security Department*, No. 16-CV-00844-WJ-SCY, Docs. 5, 6 (D.N.M. August 2, 2016), Petitioner filed a 42 U.S.C. § 1983 civil rights complaint against the Social Security

Administration, which was dismissed for failure to state a claim upon which relief may be granted and as frivolous under 28 U.S.C. § 1915(e)(2)(B).  In *Herbert Glenn Head v. Direct Express Company*, 16-CV-00885-JCH-WPL, Docs. 2, 3 (D.N.M. August 26, 2016), Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 against Direct Express Company, the administrator of his electronic benefit account, which was dismissed for lack of jurisdiction.   In light of the multiplicity of Petitioner's filings, the Court has imposed filing restrictions prohibiting Petitioner from "initiating further litigation in this Court arising out of the alleged failure of the Social Security Administration and the Direct Express Company to pay him Social Security benefits through an electronic benefit account administered by the Direct Express Company."  *Id.* at Doc. 2.   Furthermore, the Court has advised Petitioner that "[i]f [he] is concerned about funds in his social security benefit account, he needs to follow Social Security administrative procedures rather than proceeding in this Court."  *Head v. Social Security Department*, No. 16-CV-00844, Doc. 5 at 4.

Title 28 of the United States Code, section 2254 provides, in relevant part, that the "district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*."  28 U.S.C. § 2254(a) (emphasis added). Thus, habeas relief under § 2254 only is available against the state officer having custody of the petitioner.  *See Bridges v. Chambers*, 425 F.3d 1048, 1049 (7th Cir. 2005); *Smith v. Idaho*, 392 F. 3d 350, 354-55 (9th Cir. 2004); Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts.   The Court lacks jurisdiction over a habeas petition when the state official having custody under a state court judgment is not named as a respondent.  *Hopkins v. Chicago*, 358 F. Supp. 1202 (N.D. Ill. 1973).   Petitioner is not in the custody of the Social Security

Administration, the Social Security Administration is not a named respondent, and this Court lacks jurisdiction to grant habeas relief against the Social Security Administration. Therefore, Petitioner's Amended Petition will be dismissed as frivolous under § 1915(e)(2)(B)(i).

Furthermore, the Court will not construe Petitioner's Amended Petition as seeking relief under *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), because as Petitioner previously has been informed, any proposed *Bivens* claims against the Social Security Administration would fail to state a claim upon which relief may be granted. *See Greenlee v. U.S. Postal Service*, 247 F. App'x 953, 955 (10th Cir. 2007) (holding that *Bivens* only applies to individual federal officials and *Bivens* claims against the United States and its agencies are barred by sovereign immunity) (unpublished).

In light of the foregoing, the Court will dismiss the Amended Petition as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) and will impose a strike against Petitioner as provided in the "three strikes" rule of Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g). The Court reminds Petitioner that if he accrues three strikes, he may not proceed *in forma pauperis* in civil actions before the federal courts unless he is under imminent danger of serious physical injury.

Lastly, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right and, therefore, the Court will deny a certificate of appealability under 28 U.S.C. § 2253(c)(2) and Rule 11 of the Rules Governing Section 2254 Proceedings in the United States District Courts

IT IS THEREFORE ORDERED that Petitioner's Application to Proceed In District Court Without Prepaying Fees or Costs [Doc. 8] is GRANTED;

IT IS FURTHER ORDERED that Petitioner's Amended Petition [Doc. 5] is DISMISSED as frivolous under § 1915(e)(2)(B)(i) and a STRIKE is imposed against Petitioner under 28 U.S.C.

§ 1915(g);

IT IS FURTHER ORDERED that a certificate of appealability is DENIED and final judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE